### In re CREATIVE DATA FORMS, INC., Debtor.

### Civ. A. No. 86–4559.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1986.

Melvin Lashner, Philadelphia, Pa., for plaintiff.

Joseph A. Dworetzky, Francis J. Hanssens, Jr., Philadelphia, Pa., for Mellon Bank.

Prince Atlee Thomas, Philadelphia, Pa., for PA Minority Business Development Authority.

## MEMORANDUM

NEWCOMER, District Judge.

This is an appeal from an Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158.

On June 26, 1986, the United States Bankruptcy Court for the Eastern District of Pennsylvania entered an Order which awarded $4,777.00 as attorney fees and $60.00 in costs to Mellon Bank (East) National Association (hereinafter "Mellon") in its interpleader action. The Pennsylvania Minority Business Development Authority (hereinafter PMBDA) appealed the Order.

## I  STANDARD OF REVIEW

In interpleader actions the award of costs and attorneys fees is within the sound discretion of the court. *See* Fed.R. Civ.P. 22; 3A Moore's Federal Practice ¶ 22.16[2]. Thus, the decision below should not be disturbed absent an abuse of that discretion. In awarding costs or fees, it is necessary for the court below to make findings of fact and conclusions of law. For the following reasons, the June 26, 1986, Order is vacated and the case is remanded for proceedings consistent with this memorandum.

## II THE RECORD BELOW

PMBDA is a state instrumentality which provides financial and other assistance to eligible minority businesses in the Commonwealth of Pennsylvania. The debtor, Creative Data Forms, Inc., (hereinafter "Creative") is a minority business engaged in the commercial printing brokerage business. Mellon, which subsequently took over the Girard Bank, acted as the escrow agent under an escrow agreement (hereinafter the "Escrow Agreement") signed by Girard, PMBDA, and Creative. This Escrow Agreement is included in Exhibit 12 of the Record of Appeal.

In July 1983, Creative applied to PMBDA for a business loan in the amount of $100,000.00. PMBDA approved the loan subject to certain terms and conditions. On February 8, 1984, the parties executed formal loan documents including 1) a loan agreement signed by PMBDA and the president of Creative, Mr. Wilson, and 2) the Escrow Agreement signed by Mr. Wilson (on behalf of Creative), the Girard Bank (now Mellon), and PMBDA. In accordance with the Escrow Agreement, Girard Bank and Mellon were to act as the escrow agent. Pursuant to the terms of the loan agreement, Creative and Mr. Wilson were required to deposit the funds in an escrow account at the Girard Bank. A more complete discussion of the loan agreement and the Escrow Agreement appears in the Opinion of the Bankruptcy Court, dated July 31, 1984. On May 10, 1984, Creative filed a petition under Chapter 11 of the Bankruptcy Code.

On May 23, 1984, Creative filed a complaint against PMBDA seeking the turnover of certain undistributed loan funds then held in escrow by Mellon pursuant to the Agreement. On July 31, 1984, the Bankruptcy Court entered an Order which held that loan funds were not part of the debtor's estate and denied Creative an adversary complaint for the turnover of the loan funds held by Mellon. The language of the Bankruptcy Court's Order is especially relevant:

> Here the estate is entitled to exactly the same rights to the funds as the debtor [Creative] held prior to the bankruptcy

filing. Those rights, in our view, do not include the right to immediate use of the funds unless PMBDA consents. For the Court to order PMBDA to release the entire balance in the escrow account to the debtor would be contrary to the agreement of the parties and convert a contingent right into an non-contingent one.

> In summary, we find that *title to the funds in the escrow account did not pass to the debtor* prior to the time when the bankruptcy was filed because the debtor had not performed in the manner required to receive further distribution of the funds and PMBDA had not consented to release the funds. Therefore, *the funds are not property of the estate* and the request for a turnover is denied.

*In re Creative Data Forms, Inc.*, 41 B.R. 334, 337 (Bnkr.E.D.Pa.1984) (emphasis added). A copy of the July 31 slip opinion is included in Exhibit 12. PMBDA argues that the July 31, 1984 Order was final and enforceable. On October 26, 1984, the Bankruptcy Court denied Creative's motion for reconsideration of the turnover complaint. This Court affirmed the Bankruptcy Court's Order which denied Creative an adversary complaint against PMBDA. *In re Creative Data Forms, Inc.*, 72 B.R. 619 (E.D.Pa. 1985)

On November 14, 1984, two weeks *after* the Bankruptcy Court denied Creative's motion for reconsideration, and approximately two and one half months *after* the Bankruptcy Court's initial Order, Creative made a claim and demand on Mellon to turnover the undistributed funds in the escrow account. PMBDA also made a request for undistributed funds on December 4, 1984. Creative then filed, on December 19, 1984, an adversary complaint against Mellon, similar to the one initially filed agaisnt PMBDA, for the tunrover of the escrow funds. Finally, on January 30, 1985, Mellon filed an answer to Creative's complaint and a counterclaim for interpleader.

## III  INTERPLEADER AND THE AWARD OF COSTS AND FEES

 Fed.R.Civ.P. 22 governs the practice of interpleader. In interpleader actions, the Court has the power to award the stakeholder reasonable attorney's fees and costs out of the deposited fund. This principle is based on the recognition that sometimes the stakeholder's retention of counsel is necessitated not by the stakeholder's wrongdoing, but because the stakeholder is the mutual target in a dispute not of his own making. Courts commonly deny the award of costs and/or attorneys fees where the stakeholder has been slow to seek juducial relief or may be without reasonable fear of *legitimate* conflicting claims. *See* 3a Moore's ¶ 22.16[2]. Also, when the stakeholder has used the court to aid it in making a decision which is an ordinary one in the course of the stakeholder's business, an award of attorney fees may not be appropriate. *Fidelity Bank v. Commonwealth Marine and General Assur. Co.,* 592 F.Supp. 513, 526 (E.D.Pa. 1984) (Pollak, J.). Of course, depending on the circumstances, a court may award a portion of the total amount of fees requested.

 To deny attorneys fees to the stakeholder will not leave his attorney uncompensated. Such a result simply represents a decision that all or part of the fees incurred by the stakeholder not be paid from the deposited fund. In circumstances involving unreasonable conduct on the part of the stakeholder or the claimants, attorneys fees may be taxed directly against the offending party.

## IV  CONCLUSION

In the present case, the June 26, 1986, Order below was not accompanied by findings of fact or conclusions of law. While I do have some reservations about the June 26 Order in light of the July 31, 1984, Order against Creative, this court—at present—has no basis on which to review the Bankruptcy Court's Order of June 26. Therefore, the Order of June 26, 1986, is vacated and remanded for further proceedings consistent with this memorandum.

An appropriate Order follows.